IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA SUMNERS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:15CV00037-JJV |
| CAROLYN W. COLVIN, Acting | * | |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Plaintiff, Melissa Sumners, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 10-23.) The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.)

Ms. Sumners requested oral argument (Doc. No. 24), so on October 6, 2015, Mr. Timothy M. White, Esq., argued by telephone for Plaintiff and Special Assistant United States Attorney Eric B. Tucker argued by telephone for the Commissioner. The attorneys are commended for their diligence in this matter.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole and the respective arguments made by both sides, I find the decision of the Commissioner is supported by substantial evidence.

In support of her Complaint, Plaintiff argues the ALJ incorrectly determined she had the residual functional capacity to perform a reduced range of sedentary work. (Pl.'s Br. 8-13.) Plaintiff does have a fairly extensive medical history and clearly has limitations. But given the entire record, I find substantial evidence to support the ALJ's conclusion that Plaintiff was capable of performing the reduced range of sedentary work. Nothing in Plaintiff's medical records supports a conclusion of complete disability. Plaintiff's MRI showed only minor anomalies. (Tr. 302.)

The Physical Residual Functional Capacity Assessment completed by Ronald Davis, M.D., and secondary review by Lucy Sauer, M.D., both support the ALJ's assessment. And although Drs. Davis and Sauer made their assessments without the benefit of examining Plaintiff, their conclusions are supported by the medical records.

Plaintiff urges remand of the Commissioner's decision because the ALJ failed to obtain opinions from her treating physicians and a consultative physical examination. (Pl.'s Br. 9.) Plaintiff is reminded she bore the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366,

368 (8th Cir. 1996), and she has not met this burden. (Tr. 493-495.) "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The objective medical records fail to support Plaintiff's claim.

Plaintiff also says the jobs identified by the vocational expert are improper given her need to be free from pulmonary irritants. (Pl's Br. 13-14.) At first blush, Plaintiff's argument appears to have merit. The Dictionary of Occupational Titles description of touch-up screener (726.684-110) and mounter (725.684-018) appear to require exposure to glues and chemicals. However, the Selected Characteristics of Occupations Defined reports that, for both jobs, there is "never" exposure to toxic or caustic chemicals. *See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, U.S. Department of Labor, Employment and Training Administration 1993 at pp. 203 and 283. Moreover, I note the record is replete with evidence that Ms. Sumners smokes cigarettes against her doctors' orders. So I find it hard to see reversible error on this point.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is

affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 7th day of October, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE